UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOSTER JUNIOR PATTON,

       Petitioner,                     Case Number 2:21-CV-11155
                                    HONORABLE PAUL D. BORMAN
v.                              UNITED STATES DISTRICT JUDGE

NOAH NAGY,

       Respondent.

_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA
PAUPERIS***

Foster Junior Patton, ("Petitioner"), confined at the Cotton Correctional

Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with a

dangerous weapon, Mich. Comp. Laws § 750.82, first-degree home invasion,

Mich. Comp. Laws § 750.110a(2), and possession of a firearm in the commission

of a felony, Mich. Comp. Laws § 750.227b. For the reasons that follow, the

petition for writ of habeas corpus is DENIED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Oakland County Circuit

Court.  This Court recites verbatim the relevant facts relied upon by the Michigan

Court of Appeals, which are presumed correct on habeas review pursuant to 28

U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This (sic) incidents giving rise to this case stem from a missing plant. Defendant and the victim, Doretha McCaleb, are neighbors. After defendant visited McCaleb's home to procure a cigarette from her, she later noticed that one of her plants was missing. She confronted defendant outside of his apartment, and the two argued, but McCaleb eventually returned to her apartment and called 911. Defendant then entered McCaleb's apartment and assaulted her while she was on the phone with the 911 dispatcher. He left the apartment before police officers arrived, but was later apprehended outside McCaleb's apartment after attempting to run away from police officers. An officer discovered a small-caliber revolver in the area in which defendant was standing before he started running. Defendant was arrested and charged, and after a four-day trial, the jury found him guilty of the above-charged offenses.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> In this case, McCaleb testified that defendant kicked her door open, entered her apartment, and physically assaulted her with a gun. She also indicated that she was afraid the gun would discharge. Moreover, the jury heard the audio recording of the 911 call. During the call, a person in the background threatened to "blow [the victim's]... brains out ...." McCaleb also demanded that this person stop hitting her and leave her apartment. At trial, McCaleb identified defendant as her assailant during the 911 call. Although defendant argues that McCaleb's testimony was inconsistent and confusing, she specifically testified that defendant entered her apartment without her permission, that he possessed a handgun, and that he hit her with that gun.

*People v. Patton*, No. 341568, 2019 WL 4732564, at \* 1, 2 (Mich. Ct. App.

Sept. 26, 2019).

Petitioner's conviction was affirmed. *Id., lv. den.* 505 Mich. 1081, 943

N.W. 2d 117 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Trial counsel provided ineffective assistance of counsel in violation of the Sixth and 14th Amendments to the United States Constitution where counsel failed to call a witness whose testimony would demonstrate that the complaining witness had lied under oath in a previous hearing and could not be trusted to tell the truth at trial.

II. The trial court erred when it failed to direct a verdict of acquittal where there was insufficient evidence to submit the charges to the jury.

III. The Defendant was denied effective assistance of counsel in violation of the Sixth and 14th Amendments when his trial counsel failed to challenge the admission of the 911 recording without corroboration that Defendant's voice was on the recording.

IV. The Defendant-Appellant was denied effective assistance of counsel as guaranteed by the Sixth and 14th Amendments where his trial counsel failed to impeach the complaining witness with inconsistent statements from a prior hearing and through her statements to the police.

V. Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and 14th Amendments where his attorney did not investigate an insanity defense despite obvious evidence of Defendant's mental illness.

VI. Defendant-Appellant was denied effective assistance of counsel as guaranteed by the 6th and Fourteenth Amendments where trial counsel failed to investigate and call witnesses whose testimony would have impeached the testimony of the complaining witness.

VII. Petitioner was denied his Fourteenth Amendment right to due process of law, in violation of the United States Constitution, because the trial court failed to order a competency evaluation where the record shows that there was bona fide doubt that he was competent to be tried and sentenced

VIII. Defendant-Appellant was denied the effective assistance of counsel where counsel at preliminary examination, trial and at

sentencing stages, failed to seek a referral for a competency evaluation to determine if Defendant-Appellant was competent to stand trial.

IX. Defendant-Appellant was denied due process of law in violation of the Fifth Amendment of the United States Constitution where he was tried while being incompetent to stand trial, thus voiding his conviction and sentence.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. DISCUSSION

### A. The ineffective assistance of trial counsel claims.

Petitioner in his first, third, fourth, fifth, sixth, and eighth claims alleges that trial counsel was ineffective.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner in his first claim argues that trial counsel was ineffective for failing to call the victim's neighbor, Damian Bland, to testify at trial, in order to impeach the victim's credibility.

The Michigan Court of Appeals rejected the claim:

Bland testified at the preliminary hearing, but he was not called to testify at trial. Although it is true that Bland's preliminary hearing

testimony differed from McCaleb's trial testimony in some respects, he did not observe the incident that occurred in McCaleb's apartment, which was the focus at trial. In fact, the prosecution did not ask McCaleb about the events that occurred outside of defendant's apartment on direct examination. In other words, although a description of these events provides some background, defendant was not charged as a result of any of his alleged actions before the 911 call.

Moreover, as pointed out by the prosecution, there was risk involved in calling Bland to testify. First, he positively identified the gun that was discovered by the police as the gun that defendant possessed. Second, he observed McCaleb and defendant arguing outside of defendant's apartment. He said they were both angry. On the audio recording of the 911 call initiated by McCaleb, the other person who can be heard in the room accused McCaleb of coming to his house and disrespecting him. He also stated that he did not have McCaleb's plant. Ultimately, Bland's testimony would have provided additional evidence to support McCaleb's claim that defendant was the person who came into her apartment and assaulted her with a gun. As a result, defendant has failed to overcome the presumption that the decision not to call this witness to testify was a matter of trial strategy. Further, defendant has not shown that failing to call Bland deprived him of a substantial defense. Accordingly, he has failed to show that his counsel was deficient in this regard.

*Patton*, 2019 WL 4732564, at * 3 (internal citations omitted).

Defense counsel's decision to forego calling Mr. Bland out of fear that it risked opening the door to additional incriminating testimony was a strategically defensible choice that defeats petitioner's first claim. *See Jackson v. Bradshaw*, 681 F. 3d 753, 761 (6th Cir. 2012).

Petitioner in his third claim argues that trial counsel was ineffective for failing to object to the admission of the recording of the victim's 911 call at trial

without corroboration or authentication that the other voice on the recording was

petitioner's voice.

The Michigan Court of Appeals rejected petitioner's claim:

In this case, it was unclear how well McCaleb knew defendant. However, she explained that he stopped by her apartment asking for a cigarette before she noticed that her plant was missing. Additionally, at some point, McCaleb stated that defendant had approached her asking for a gun. She also argued with defendant outside of his apartment, so she knew where he lived. More importantly, both at the scene and at trial, McCaleb identified defendant as the person who came into her apartment and assaulted her while she was on the phone with the 911 dispatcher. Therefore, the recording was properly authenticated pursuant to MRE 901(b)(5). Moreover, questions relating to the credibility of McCaleb's identification of defendant's voice on the recording concerned the weight of the evidence rather than its admissibility.

*Patton*, 2019 WL 4732564, at * 5.

The Michigan Court of Appeals determined that the 911 call was properly

authenticated under Michigan law. Petitioner failed to establish that the 911

recording was improperly authenticated, thus, counsel was not ineffective for

failing to object to its admission. *See Villanueva v. Stephens*, 555 F. App'x 300,

308 (5th Cir. 2014).

Petitioner in his fourth claim alleges that trial counsel was ineffective for

failing to confront the victim with her prior inconsistent statements.

The Michigan Court of Appeals rejected the claim:

In this case, McCaleb's trial testimony was inconsistent and difficult to follow. The jury heard her version of the events and was permitted to

make its own determination as to her credibility. In closing arguments, defense counsel acknowledged that something happened to McCaleb, but contended that there was reasonable doubt that defendant was the perpetrator. Defense counsel argued that McCaleb's testimony was inconsistent and confusing. He contended that her "story" did not "hang together strongly enough" for the jury to find defendant guilty of any of the charged offenses. As a result, the view that McCaleb was not entirely believable because she was inconsistent in describing the incident was presented to the jury. We do not believe that defense counsel using specific instances of inconsistent testimony to impeach her would have further developed the defense, considering that the jury had already heard several inconsistencies in her trial testimony. Therefore, defendant has not established that defense counsel was deficient for this reason.

*Patton*, 2019 WL 4732564, at * 4 (internal citations omitted).

The record establishes that counsel cross-examined Ms. McCaleb extensively. Counsel elicited testimony from the victim which called into question her identification of petitioner as her assailant. Counsel also asked the victim questions which challenged her timeline of the events. Defense counsel also elicited testimony from the victim which conflicted with other evidence, particularly the 911 call.  (ECF No. 10-4, PageID. 322-25, ECF No. 10-5, PageID. 330-41).  In his closing argument, counsel chose to attack Ms. McCaleb's identification of petitioner as her assailant and noted many deficiencies in her testimony, particularly problems with her timeline of events and the fact that her testimony conflicted with other evidence, including the recording of the 911 call. (ECF No. 10-5, PageID. 375-80).

In the present case, defense counsel's performance did not constitute

ineffective assistance of counsel where the record shows that defense counsel

carefully cross-examined the victim and in his closing argument emphasized the

weaknesses in her testimony.  *See Krist v. Foltz,* 804 F. 2d 944, 948-49 (6th Cir.

1986); *Millender v. Adams,* 187 F. Supp. 2d 852, 872 (E.D. Mich. 2002).

"Although other attorneys might have reached a different conclusion about the

value of cross-examining [the victim] in greater detail, counsel's strategic choice

not to further cross-examine Ms. McCaleb was "'within the wide range of

reasonable professional assistance.'" *See Moss v. Hofbauer,* 286 F. 3d 851, 864

(6th Cir. 2002) (quoting *Strickland,* 466 U.S. at 689).  Finally, petitioner has failed

to identify how additional impeachment of Ms. McCaleb would have affected the

jury's decision.  Defense counsel did not perform ineffectively by not more

forcefully cross-examining the victim, particularly when the effect of further

probing was entirely speculative on petitioner's part. *See Jackson*, 681 F.3d at

764-65.  Petitioner is not entitled to relief on his sixth claim.

Petitioner in his fifth claim argues that trial counsel was ineffective for

failing to present an insanity defense.[1]

---

[1] Respondent argues that this claim is procedurally defaulted because it was inadequately briefed before the Michigan Court of Appeals. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003). "Judicial economy might counsel giving the [other] question priority, for example,

Petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson,* 600 F. 3d 607, 611 (6th Cir. 2010). Moreover, petitioner failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, thus, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 715 (6th Cir. 2000). Petitioner is not entitled to habeas relief on his fifth claim.

Petitioner in his sixth claim alleges that trial counsel was ineffective for failing to call his girlfriend Gwendolyn Hannah to testify at trial.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant's similar contention that his counsel was ineffective for failing to call defendant's girlfriend, Gwendolyn Hannah, to testify is also without merit. It is unclear as to what, specifically, Hannah would have offered in regard to trial testimony, but her observations would relate to uncharged conduct. Even if Hannah would have testified that she did not see defendant with a gun, she observed the argument outside defendant's house between McCaleb and defendant. The person overheard in the 911 call accused McCaleb of coming to his home and disrespecting him in front of "[his] woman." Accordingly, there were similar risks involved with calling Hannah to testify, and defendant has not established that defense counsel was ineffective for failing to call her as a witness.

---

if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Id.* Regardless of whether the claim is defaulted, petitioner is not entitled to relief because his claim is meritless.

*Patton*, 2019 WL 4732564, at * 4 (footnote omitted).

In a footnote, the Michigan Court of Appeals observed:

Defendant attached sections of the police report to his brief. However, these documents were not submitted to the trial court as exhibits and they are not included in the lower court record. Therefore, this Court cannot consider them on appeal.

*Patton*, 2019 WL 4732564, at * 4, n.1.

Petitioner's appellate attorney did not provide the Michigan Court of Appeals with an affidavit from Ms. Hannah concerning her proposed testimony or her willingness to testify.  Appellate counsel attached a police report to his motion for an evidentiary hearing which contained a statement from Ms. Hannah to the police. (ECF No. 10-9, PageID. 663).  This Court cannot consider Ms. Hannah's statement to the police because it is unsworn. *See, e.g., Clark v. Waller,* 490 F.3d 551, 553, 558 (6th Cir. 2007) (unauthenticated affidavit from person whom petitioner claims should have been called as a defense witness could not support ineffective assistance of counsel claim).  In any event, the officer who wrote the report stated: "Ms. Hannah refused to complete a Written Statement because she stated she did not want to get involved." In light of the evidence before this Court, petitioner failed to show that Ms. Hannah would have been willing to testify on his behalf at trial and is thus not entitled to relief on his sixth claim.

Petitioner in his eighth claim argues that trial counsel was ineffective for failing to raise a challenge to petitioner's mental competency either at the pre-trial,

11

trial, or sentencing stages of the case.  A defendant is not prejudiced by counsel's

failure to seek a competency examination, absent an actual basis to support a claim

of incompetency at the time of the proceeding. *See Bair v. Phillips*, 106 F. Supp.

2d 934, 941 (E.D. Mich. 2000).  As mentioned, *infra,* petitioner failed to establish

that he was incompetent at the time of his trial or sentencing, thus, counsel would

not have been ineffective for failing to seek a competency evaluation of petitioner

at any time during the case.  Counsel's failure to request a competency hearing did

not prejudice petitioner, so as to support a claim of ineffective assistance of

counsel, when a "reasonable judge, situated as was trial judge who presided over

petitioner's case, would not have experienced doubt" about petitioner's

competency. *See Nemzek v. Jamrog,* 93 F. App'x 765, 766-67 (6th Cir. 2004).

Petitioner is not entitled to habeas relief on his eighth claim.

## B.  The insufficiency of evidence claim.

Petitioner contends that the judge erred in failing to direct a verdict of

acquittal because there was insufficient evidence to submit the case to the jury in

that Ms. McCaleb was incredible due to the numerous inconsistencies in the

victim's testimony.

A trial court, which has heard the testimony of witnesses, "is not to weigh

the evidence or assess the credibility of witnesses when it judges the merits of a

motion for acquittal." *Burks v. United States*, 437 U.S. 1, 16 (1978) (internal

citations omitted). When ruling on a motion for acquittal in the federal courts, neither a district court nor a court of appeals may make an independent determination regarding the credibility of witnesses or the weight to be given to the evidence. *United States v. Davis,* 981 F. 2d 906, 908 (6th Cir. 1992); *see also United States v. Paulus*, 894 F.3d 267, 275 (6th Cir. 2018). The credibility of witnesses is the "exclusive province" of the jury and thus a trial court cannot grant a motion for acquittal based solely on the argument that the witnesses lack credibility. *See United States v. Mack*, 868 F. Supp. 207, 209 (E.D. Mich. 1994) (internal citations omitted). Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. See *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *See Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). Petitioner 's sufficiency of evidence claim rests on a challenge to the victim's credibility, which is the province of the finder of fact, thus, petitioner is not entitled to habeas relief on his claim. See *Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

**C. The mental competency claims.**

Petitioner in his seventh and ninth claims argues he was not mentally competent to stand trial or be sentenced due to his limited cognitive ability.[2]

A defendant may not be put to trial unless he has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky v. United States*, 362 U.S. 402, 402 (1960). The Sixth Circuit applies the *Dusky* standard in evaluating a defendant's competency to proceed to sentencing. *See United States v. Washington*, 271 F. App'x 485, 490 (6th Cir. 2008).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue. To succeed on the

---

[2] Respondent argues that these claims are procedurally defaulted because they were not preserved at the trial court level. Petitioner argues in his eighth claim that counsel was ineffective for failing to seek a competency hearing. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of the defaulted claims, it would be easier to consider the merits of the claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

procedural claim, a habeas petitioner must establish that the state trial judge

ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency

to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d

1339, 1343 (10th Cir. 1999) (internal citations omitted); *Hastings,* 194 F. Supp. 2d

at 670.

     Evidence of a defendant's irrational behavior, his or her demeanor at trial or

at another court proceeding, and any prior medical opinions on competence to

stand trial are all relevant in determining whether further inquiry by a trial court on

a defendant's mental state is required, but even one of these factors standing alone,

may in some circumstances, be sufficient to trigger a further inquiry into a

defendant's mental fitness to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180

(1975).  There are no fixed or immutable signs which invariably indicate the need

for a further inquiry to determine the fitness to proceed. *Id.*  There must be some

manifestation or conduct on a habeas petitioner's part "to trigger a reasonable

doubt as to his or her competency." *Hastings*, 194 F. Supp. 2d at 671.  A trial judge

is allowed to rely on his or her own observations of the defendant's comportment

or demeanor to determine whether that defendant is competent to stand trial. *Id.*

(citing to *Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)).

     A full competency hearing is necessary only when a court has a reason to

doubt a defendant's competency to stand trial or to plead guilty. *Godinez v. Moran*,

15

509 U.S. 389, 401, n. 13 (1993).  "The due process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).  The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000) (quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983) (additional quotation omitted).

Petitioner's procedural competency claim fails because there is no evidence which should have raised a *bona fide* doubt with the trial court as to petitioner's competency to stand trial or to be sentenced.

Petitioner competently waived his right to testify in a colloquy with the court and his counsel. (ECF No. 10-5, PageID. 365-67).  Petitioner did not express any misunderstanding of the questions posed to him by the judge or his attorney, nor were his responses incoherent or unintelligible.  When asked to confirm that he did not wish to testify, petitioner answered, "Yes, sir. Absolutely no, sir, I do not wish to testify." (*Id.*, PageID. 366).  Petitioner was asked if he wanted additional time to speak with his counsel.  Petitioner responded, "Yes, sir. I mean, I would like to discuss something with my lawyer, but not that." (*Id.*, PageID. 367).  The judge

16

adjourned the case and when the parties returned, petitioner reaffirmed that he did

not wish to testify. (*Id.*).

At sentencing, petitioner made the following statement during allocution:

> I would like to apologize to the family. This whole incident has been
> very stressful to me and to my family. I also want to apologize to the
> victim, which is a friend of mine. This kind of snowballed out of
> control. I mean, I personally don't think sending me to the prison will
> help the situation, even though I know I'm going—that's going to
> happen. I mean, it was just an incident that snowballed out of control,
> you know. Me and her, as I say, was friends. And I accept
> responsibility. I accept full responsibility for my actions. I'm not going
> to speak for her actions because I can't be held responsible for her
> actions. I can only speak for mine and I apologize. That's all I can do.
> I'm sorry. To the prosecutor, too.

(ECF No. 10-7, PageID. 414).

Petitioner was lucid at the trial and sentencing. Petitioner responded

appropriately to the judge's questions and stated he understood what was

happening. Petitioner acknowledged his wrongdoing at sentencing. All of these

things indicate petitioner is not entitled to relief. The judge did not unreasonably

determine that petitioner was competent to stand trial or to be sentenced. *See*

*Franklin*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by

alleging that he was tried and convicted while mentally incompetent. However, a

habeas petitioner raising a substantive claim of incompetency is not entitled to a

presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence. *Hastings*, 194 F. Supp. 2d at 671.

To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (internal quotations omitted).  A habeas petitioner is entitled to an evidentiary hearing on the issue of her competency to stand trial "if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." *Id.* However, "[A]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Id.*

The only evidence that petitioner offers to support his claim that he was incompetent to stand trial or be sentenced was that he has limited cognitive ability. Neither low intelligence nor mental deficiency automatically equates with incompetence. *See Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Hastings*, 194 F. Supp. 2d at 671-72.

Petitioner presented no evidence that he was unable to understand the proceedings against him or to assist his counsel. There is nothing in the record to

indicate that petitioner did not understand the proceedings or responded

inappropriately to the judge's questions or to his own counsel's comments.

Significantly, nothing in the record establishes that petitioner was confused or

unable to participate in the proceedings. There is no evidence that petitioner was

not in possession of his mental facilities, thus, any "after the fact" incompetency

claim is without merit. See *United States v. Calvin,* 20 F. App'x 452, 453 (6th Cir.

2001); *Hastings*, 194 F. Supp. 2d at 672. Petitioner is not entitled to relief on his

mental competency claims.

The Court denies the petition for writ of habeas corpus. The Court will deny

petitioner a certificate of appealability. In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the

applicant is required to show that reasonable jurists could debate whether, or agree

that, the petition should have been resolved in a different manner, or that the issues

presented were adequate to deserve encouragement to proceed further. *Slack v.*

*McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas

petitioner's constitutional claims on the merits, the petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the

constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.  CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE
DATED: April 20, 2022